## CAMPBELL v. HELM.

(Court of Appeals of District of Columbia. Submitted October 26, 1922. Decided March 5, 1923.)

No. 3818.

1. **Landlord and tenant** ⊕→278½, New, vol. 11A Key-No. Series—Landlord's title cannot be tried by rent commission.

Under Rent Law Oct. 22, 1919, § 109, authorizing the commission to determine a dispute between the owner and the tenant as to the accuracy or sufficiency of notice to quit, the commission's jurisdiction is limited to cases where the relation of landlord and tenant is acknowledged, and under section 106 the commission's decision is authority in the courts only as to questions between landlord and tenant, so that the landlord's title cannot be determined by the commission, and the tenant can attack the sufficiency of the notice only by acknowledging that the party giving the notice is the landlord; her remedy, if she desires to attack the title, being to refuse to yield possession and to raise the question of title in an action of ejectment.

---

⊕→For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. **Landlord and tenant ⬤⟹278½, New, vol. 11A Key-No. Series—Rent commission can determine whether sale was in good faith.**

In proceedings under Rent Law Oct. 22, 1919, § 109, to determine the sufficiency of a notice to a tenant to quit because the premises are desired by the landlord for her own use, the commission is authorized to determine whether the purchase of the premises by one claiming the right to possession was in good faith, or was part of a scheme to evade or defeat the Rent Law.

3. **Landlord and tenant ⬤⟹278½, New, vol. 11A Key-No. Series—Landlord need not prove legal title, when good faith of purchaser is questioned.**

If a tenant raises before the rent commission the issue of the good faith of the purchase of the property by the landlord seeking to dispossess the tenant, the landlord is not thereby required to prove actual legal title, which would be conceded, so that the commission's decision for the landlord was not erroneous, because of failure to prove the landlord's title.

4. **Landlord and tenant ⬤⟹278½, New, vol. 11A Key-No. Series—Notice to quit held sufficient after hearing before rent commission.**

A notice to a tenant to quit, because the landlord was the bona fide owner of the property and desired it for her own bona fide and actual occupancy, is sufficient, under the requirement of the statute that the notice shall contain a full and correct statement of the circumstances on which it is based, where the complaint denied the landlord was the owner of the premises in the sense of Rent Law Oct. 22, 1919, § 109, the answer alleged the bona fide purchase of the premises, and the testimony sustained the allegation of the answer.

Appeal from the Rent Commission.

Proceeding by Elina Porter Campbell, tenant, against Ethel E. Helm, landlord, before the Rent Commission. From a decision of the commission, overruling the tenant's complaint, the tenant appeals. Affirmed.

H. W. Sohon, of Washington, D. C., for appellant.

A. Coulter Wells, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and MARTIN, Judge of the United States Court of Customs Appeals.

MARTIN, Acting Associate Justice. This is an appeal from a decision of the rent commission of the District of Columbia, in a proceeding arising under section 109 of the District Rent Law, approved October 22, 1919 (41 Stat. 297). That section provides, under certain conditions, for the continued possession of rented property by tenants, notwithstanding the expiration of their terms, unless the bona fide owner thereof demands the same for his own actual and bona fide occupancy, and furthermore provides for a hearing by the rent commission in case of disputes arising under the statute upon such a demand.

It appears that on January 3, 1922, Elina Porter Campbell was the tenant in possession of certain rental property situate within the District, and on that day Ethel E. Helm caused a written notice to be left at the premises, demanding possession thereof after 30 days from that date, claiming that she was the bona fide owner of the property, and desired and required it for her own actual and bona fide occupancy.

Thereupon the tenant filed a complaint with the rent commission, disputing the accuracy and sufficiency of the statement set forth in the notice, the propriety and sufficiency of the service thereof, and the good faith of the demand for possession, and stating furthermore:

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"I further state that I hold said premises from W. D. Sullivan Company, Inc., and that any contract as tenant is with it, and that I have never had any contractual relations with Ethel E. Helm, the defendant, and I deny that she is owner of said premises in the sense of said section 109."

The rent commission heard the complaint upon testimony, and overruled it. The complainant appealed, and now presents in substance two grounds for a reversal.

Appellant first contends that at the hearing before the commission the burden of proof rested upon the defendant, now appellee, to establish the fact that she was the owner of the premises, and was appellant's landlord. She claimed that appellee failed to prove that fact, and consequently was not entitled to a decision.

[1] The statutory provision under which appellant's complaint was filed with the commission is to be found in section 109, as aforesaid, and reads as follows:

"If there is a dispute between the owner and the tenant as to the accuracy or sufficiency of the statement set forth in such notice, as to the good faith of such demand, or as to the service of notice, the matters in dispute shall be determined by the commission upon complaint as provided in section 106 of this title."

The authority which is thus conferred upon the rent commission is limited exclusively to disputes arising between landlords and tenants as such, in relation to the present possession of rental property. Jurisdiction thereunder does not extend to disputes as to title, arising between parties who do not sustain the relation of landlord and tenant toward one another. In other words, the Rent Law confers new rights upon tenants as against their landlords, and provides for a system of procedure before the Rent Commission for the protection of those rights; but it does not enlarge or in any manner affect the rights or remedies of a tenant as against any person other than his landlord. It is, of course, elementary that the tenant cannot deny the landlord's title; therefore the legal title to rental property cannot be tried before the commission, since none but landlords and tenants as such can come before it.

It follows, likewise, that a decision entered by the commission upon a contested issue as to the legal title to rental premises would possess no binding force whatever in law. For under the Rents Act the determinations of the commission are to be received as authority by the courts of the District, in such suits only as involve questions arising out of the relation of landlord and tenant with respect to rental property. Rent Law, § 106.

Therefore, if a tenant of rental property desires to contest the title of a party who demands the possession under a claim of ownership, his legal remedy is not to be found under the Rents Act. In fact, that act makes no provision at all for such a case; it simply leaves such parties to the remedies which already existed at law; and the tenant can compel such a claimant to commence an action in ejectment in the proper forum, and he may then make his defense without reference to the Rent Law. Moreover, in an ejectment case a decision by the rent com-

mission upon the issue of legal title would have no force or effect whatever.

It therefore follows that, if a notice to quit is served upon a tenant in possession of rental property by one who claims to be his landlord, the tenant, if conceding that that relation exists as claimed, may file a complaint with the commission under the Rent Law to challenge the landlord's claim to present possession. But if the tenant denies that the claimant is in fact the owner of the premises, or is the tenant's landlord, his remedy in such case must be sought in a different forum. In other words, the tenant has no right to file a complaint with the rent commission under the provisions above copied, except only upon the admission that the defendant therein named is in fact his landlord.

[2, 3] In the present case the complaint was filed by the tenant in possession of the premises. It contains the statement that the complainant denies that the defendant is the owner of the premises *"in the sense of said section 109."* Such an averment is equivocal and argumentative. In this connection, however, it may best be interpreted as conceding an actual legal title in the defendant, but nevertheless disputing its bona fides. The commission would be authorized to determine such a dispute. For if a legal title to rental premises be acquired or held as part of a scheme to evade or defeat the Rent Law, the commission would have full authority to prevent that result. But under that interpretation the burden of proving actual legal title would not rest upon the defendant, since that would accordingly be conceded, and only the element of bona fides would be contested. This interpretation may fairly be placed upon the language of the complaint in question, since section 109 speaks specifically of "bona fide" owners, and furthermore it is the one which clearly furnishes a lawful basis for the commission's jurisdiction in the case. Therefore we adopt that interpretation, and we find that the complaint as thus understood was properly overruled upon the testimony contained in the record.

[4] The second contention of the appellant challenges the form and sufficiency of the notice to quit. The act provides that a bona fide owner of any rental property shall have the right to the possession thereof for actual and bona fide occupancy by himself, or his wife, children, or dependents, or for the purpose of tearing down the same in order immediately to construct new rental property, hotel, or apartment, if approved by the commission. It is required that the notice to the tenant shall contain a full and correct statement of the facts and circumstances upon which the same is based. The notice in this case stated that the appellee desired and required the premises for her own bona fide occupancy. It may be repeated that the present proceeding was begun upon the complaint of the tenant. In response to the complaint the defendant filed an answer, which was not objected to, wherein she alleged that "she purchased the said property for the sole purpose of occupying said premises bona fide herself." The case was heard upon the complaint and answer, and the testimony in the record sustains the allegations of the answer. We think, therefore, that the decision of the commission should not be reversed upon that point.

It may be added, also, that the testimony before the commission fully

sustained the appellee's claim, upon every question lawfully raised by the complaint.

Accordingly the decision of the commission is affirmed, at appellant's costs.